SUPERIOR COURT
OF THE
STATE OF DELAWARE

MEGHAN A. ADAMS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0634

January 6, 2020

Josiah R. Wolcott, Esq.
Connolly Gallagher
1000 West St., Suite 1400
Wilmington, DE 19801

Chad S.C. Stover, Esq.
Barnes & Thornburg LLP
1000 N. West St., Suite 1500
Wilmington, DE 19801

RE: TIBCO Software Inc. v. NThrive Revenue Systems, LLC
C.A. No.: N18C-08-072 MAA

Dear Counsel:

The Court has reviewed Defendant nThrive Revenue Systems, LLC's ("nThrive") Motion for Reconsideration and Plaintiff TIBCO Software, Inc.'s ("TIBCO") Opposition thereto. For the reasons stated herein, the Motion for Reconsideration is DENIED.

On November 21, 2019, the Court issued its decision denying nThrive's Motion for Summary Judgment (the "Opinion"). As discussed in greater detail in the Opinion, prior to issuing its decision, the Court reviewed two rounds of summary judgment briefing and heard oral argument.

On December 2, 2019, nThrive filed its Motion for Reconsideration pursuant to Superior Court Civil Rule 59(e). nThrive's sole argument in its Motion

for Reconsideration is that the Court failed to apply the contract interpretation principle of *contra proferentem*.[1]

The case law regarding Rule 59(e) is well-established. A proper motion for reargument will establish that the Court "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] A "motion for reconsideration or reargument is not an opportunity to rehash arguments already decided by the Court, or to present new arguments that were not previously raised."[3] Pursuant to Rule 59(e), the "movant must demonstrate newly discovered evidence, a change in the law, or manifest injustice."[4]

nThrive's Motion for Reargument does not meet the standard under Rule 59(e) because it presents a new argument not previously raised (regarding *contra proferentum*) which was not raised during the two rounds of summary judgment briefing. Therefore, nThrive's Motion can be denied on that basis alone.

nThrive also fails to prove that even if the Court were to determine that it "overlooked" controlling precedent or legal principles "such as would have changed

---

[1] Motion at 2.

[2] *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at \*1 (Del. Super. Jan. 17, 2003).

[3] *Patterson-Woods & Associates, LLC v. Independence Mall, Inc.*, 2019 WL 6329069, at \*1 (Del. Super. Nov. 26, 2019) (citations omitted).

[4] *Id.* (citation omitted).

the outcome of the underlying decision."[5] The "rule of contra proferentum is one of last resort, such that a court will not apply it if a problem in construction can be resolved by applying more favored rules of construction."[6] Defendant has not attempted to provide any other method of interpretation of the Agreement at issue – in either its summary judgment briefing or its Motion for Reconsideration – before jumping to the "last resort" of *contra proferentum*.

nThrive has not demonstrated that the Court overlooked controlling precedent or legal principles, or misapprehended the law or the facts. nThrive has also failed to demonstrate newly discovered evidence, a change in the law, or manifest injustice. Rather, nThrive only raises a new argument, which is improper pursuant to Rule 59(e).

**NOW THEREFORE**, for the foregoing reasons, Defendant nThrive Revenue Systems, LLC's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

**Meghan A. Adams, Judge**

cc:     Prothonotary

---

[5]     *Radius Serv., LLC v. Jack Corrozi Construction, Inc.*, 2010 WL 703051, at *1 (Del. Super. Feb. 26, 2010) (citation omitted).
[6]     *E.I. du Pont de Nemours and Co., Inc. v. Shell Oil Co.*, 498 A.2d 1108, 1114 (Del. 1985) (citations omitted).